Filed February 23rd, 1904.

————o————

No. 3349.

(Court of Appeal, Parish of Orleans.)

KNOXVILLE SENTINEL CO., vs. E. J. HART CO. L'TD.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division A.

Sol. Wolff, Plaintiff and Appellee.

Fenner, Henderson and Fenner, Defendant and Appellant.

DUFOUR, J. The defendant, a wholesale drug concern of this City, made on May 28th, 1897, a contract for one year with

privilege of renewal by which Kuhlman & Co. druggists of Knoxville, Tenn., where given the exclusive right to sell in their locality certain goods to be furnished by defendant. One of the conditions of this contract was that defendant would at its own expense insert in the Knoxville papers certain advertisements requested by Kuhlman & Co.

This was done.

In January 1898 the purchasers being slow in payment, Rossheim, an employee of defendant, was sent to adjust the matter, and, during the course of this adjustment, made a new contract for advertisements which, with a balance due on the first contract, forms the basis of the present suit.

Liability for the claim under the new contract is denied on the ground that Rossheim was not authorized to bind the defendant.

It appears that Rossheim, after consultation with Kuhlman & Co., advised defendant that they were not satisfied with the nature of the advertisement, and requested defendant to write to Kuhlman & Co., that Rossheim was expressly authorized to comply with their wishes and make the desired arrangements.

In reply the defendant wrote the following letter:

Mr. W. D. Kuhlman,

   Knoxville, Tenn.

Dear Sir:

After consultation by mail with Mr. D. Rossheim, we have concluded to authorize him to adjust with you and to collect the balance of our account, or any part of the account, and to make any changes that you and he may deem necessary in the future advertisement of your business under our contract. He is on the spot and will be able to make satisfactory arrangements with you.

Wishing you a prosperous New Year, we are

     Yours truly,

      E. J. HART & CO. LTD.

       per A. L. REDDEN, Sec'y. and Treas.

The plaintiff did not act on the faith of the letter which was not exhibited but simply accepted Rossheim's representations as to his authority to act for the defendant. To the letter however, must we look for the scope of his authority, and the phraseology unmistakably confers power to make in future advertisements any changes deemed necessary by Rossheim and Kuhlman. This necessarily carried with it the power to contract for the form, the extent and the price of the new advertisements.

Confirmation of this view is found in the subsequent acts of the defendant's officers. Though they saw the advertisements and had authorized a change, they claim not to have noticed that any had been made.

They paid a draft on account of the new contract, yet, though Redden, the manager says he thinks it was paid through error by

thc cashier under the belief that it was on account of the old contract, the cashier is not produced as a witness.

Again we find that letters were written by the defendant to plaintiff asking for time and patient indulgence, and to Rossheim, entreating and instructing him to pay the advertising bills with money collected by him from Kuhlman & Co.

The verbiage of the letter *snpra* and the circumstances under which it was written, viewed in connection with the subsequent occurrences, leave no doubt in our minds that the defendant, probably sincerely, is mistaken as to extent of the authority it intended giving and did give to its agent.

Judgment affirmed.

Filed February 23rd, 1904.